Frost, J.
delivered the opinion of the Court.
In the caseof the State, ex rel, Gervais v. the Commissioners of New Town Cut, it was held, that the Act of 1825 did not extend to the boards, having charge of cuts and inland passages ; not on the ground, that these boards could not be included under the description of Commissioners of Roads, but expressly on the ground, that the provisions of the Act relate exclusively to the powers and duties of the Commissioners of Roads, strictly so called, and have not, nor were intended to have, any application to the Commissioners of cuts and inland passages. These boards were, by the decision, left subject to the Act of 1788, and other Acts relating to the same subject. The question, whether it is the duty of the sheriff of Charleston District to enforce the execution for the fines, imposed on the defendant, must be decided as if the Act of 1825 had not been passed.
By the Act of 1807, it is declared lawful “ for each and every of the Boards of Commissioners of Roads in this State, to direct their summonses, warrants or other process, (which they were heretofore directed, by law, to direct to constables, for the purpose of collecting fines or other money, due to the said boards) to all and singular, the sheriffs of the State.”
It will be seen, by reference to the Acts of 1721, 1748 and 1788 that the Commissioners of New Town Cut, and of the other cuts and inland passages in the maritime parts of the State, are united with the Commissioners of highways, in all the provisions which relate to their jurisdiction, powers and duties. These Acts include Commissioners of cuts, and Commissioners of highways, indiscriminately, under the general description of Commissioners of “ highways, private paths, bridges, causeways, passages, and water courses.” They aré constituted in the same way, subject to the same term of service, liable to the same penalties for refusal to serve; are organized alike, and required to lay out, make and keep in repair all such highways, private paths, bridges, causeways, water courses, and passages, as may be established by law; and for this purpose they are invested with the same power to summon the persons, liable to work on the roads and water passages, who are subject to the same penalties for default of either duty, to be imposed by the respective boards, and collected by warrant of distress, under the hands of any three of the Commissioners, directed to any lawful constable.
The Commissioners of cuts, being thus identified with Commissioners of highways, in jurisdiction, powers and duties, it will be found that in Acts, relating to both, the cuts are included in the term highways. Thus in 1712, under the title of “ an additional Act to the several Acts for making, and repairing highways,” and in 1785, milder the title of “an Act for keeping in repair the several highways and bridges in the *384 State,” the Commissioners of water passages are included, (with the Commissioners of highways, in the provisions of the ’ Acts.
The Act of 1807 was designed to remedy the delays and hindrances in the collection of fines which occurred when constables were employed. The mischief affects Commissioners of cuts, equally with Commissioners of Roads. The public has an equal interest in the performance of the duties, which they are respectively required to enforce. From the earliest history of the State, the boards for the cuts and highways have been treated as parts of one general system for maintaining the highways. The only exception is found in the Act of 1825. By legislative use, “ highways” may include water passages or cuts. The term “ highways” has been disused in modern legislation and “ roads” substituted for it, and at the same time, the ancient description of “Commissioners of highways, private paths, bridges, causeways, water courses and passages,” has been abridged into Commissioners of Roads.
It is then, no forced construction, to give effect to the Act of 1807, as including Commissioners of water passages or cuts, under the general description of Commissioners of Roads. It appears from this case, and that of Gervais, that the plaintiffs have acted on this construction of the Act. The Commissioners of the other cuts have probably also directed their warrants to the sheriff. The importance of uniformity and efficiency in the law, regulating the powers and duties of boards, charged with maintaining the highways of the State, recommends the sanction of that practice.
The motion to reverse the Circuit dicision, is granted, and it is ordered, that the rules be made absolute against the sheriff.
Richardson, J. — O’Neall, J. — Evans, J. — and Withers, J. — concurred.

Order reversed and rules made absolute.